IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-118-BO

| | | |
|---|---|---|
| MACLOLM DANIELS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on April 6, 2015, at Raleigh, North Carolina. For the reasons discussed below, the decision of the Commissioner is reversed and this matter is remanded for an award of benefits.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff filed for DIB on December 28, 2011, alleging disability since November 1, 2010. After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since his alleged onset date. Plaintiff's osteoarthritic changes of the cervical spine with stenosis, cervical spondylosis, and right knee osteoarthritis were considered severe impairments at step two but were not found alone or in combination to meet or equal a Listing at step three. The ALJ concluded that plaintiff's RFC would allow him to perform a wide range of light work. The ALJ found that plaintiff could not return to his past relevant work, but that, considering plaintiff's age, education, work experience, and RFC, there were other jobs that existed in significant numbers in the national economy that plaintiff could perform. Thus, the ALJ determined that plaintiff was not disabled as of the date of her decision.

3

Substantial evidence does not support the ALJ's finding that plaintiff could perform light work.[1] An ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a)(3). Light work requires a claimant to be able to lift no more than twenty pounds at a time with frequent lifting or carrying of objects up to ten pounds. 20 C.F.R. § 404.1567(b). Light work also requires either a good deal of walking or standing, or sitting most of the time with some pushing and pulling of controls. *Id.*

Plaintiff has a history of knee pain and in July 2010 suffered an exacerbating injury to his knees while at work. Tr. 337. After conservative treatments, including arthroscopic surgery [Tr. 310], failed, plaintiff underwent a total left knee replacement in April 2011. Tr. 756-7. Plaintiff sustained a MRSA infection following surgery and was treated extensively with antibiotics and draining treatments. *See, e.g.* Tr. 349. Plaintiff's treating orthopedist, Dr. Ruark, opined in December 2011 that plaintiff could walk for no more than ten minutes at a time, stand for no more than thirty minutes, and could stand and walk for no more than an hour total each day. Tr. 709. In March 2012 plaintiff complained to his primary care physician Dr. Diaz of worsening left knee pain and swelling. Tr. 411. In August 2012, Dr. Ruark found that the "end result of [plaintiff's] surgery has not been great" and that he did not expect significant improvement. Tr. 723. Dr. Ruark prescribed a cane, recommended symptomatic treatment, and restricted plaintiff to lifting less than forty pounds as well as from climbing, kneeling, and squatting. Tr. 721-24. In February 2013, plaintiff continued to report eight-out-of-ten to ten-out-of-ten pain related to his knee, neck, and hips. Tr. 744.

---

[1] The ALJ also erred by failing to consider plaintiff's left knee pain a severe impairment. In declining to do so, the ALJ noted that plaintiff's MRSA infection had resolved and that the condition did not persist for more than one year. Tr. 104. The record is replete with plaintiff's complaints related to his left knee after his total knee replacement surgery and subsequent infection. However, because the ALJ did consider plaintiff's left knee pain when formulating plaintiff's RFC, this error is not the basis for reversal.

4

The opinion of a treating physician must be given controlling weight if it is not inconsistent with substantial evidence in the record and may be disregarded only if there is persuasive contradictory evidence. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *Mitchell v. Schweiker*, 699 F.2d 185 (4th Cir. 1983). The ALJ failed to consider Dr. Ruark's standing and walking limitations which are consistent with sedentary work. 20 C.F.R. § 404.1567(a). Defendant suggests that the error was harmless because Dr. Ruark also noted that plaintiff could return to "light duty" work, which is inconsistent with his standing and walking limitations that suggest sedentary work. Whether a claimant can perform light work as that term is defined by the Social Security Administration is, however, a decision reserved to the Commissioner and not to be afforded any special significance when opined upon in a medical source opinion. SSR 96-5p. Defendant further contends that Dr. Ruark's 2011 opinion is inconsistent with his 2012 opinion which limited plaintiff to lifting less than forty pounds. Dr. Ruark's 2012 opinion does not address plaintiff's ability to stand and walk, nor does it opine about the frequency with which plaintiff would be able to lift any weight or expressly amend his prior opinion regarding plaintiff's exertional limitations.

In further support of a limitation to sedentary work are the opinions of state medical consultants Drs. Hartman and Leigh who assessed plaintiff at the initial level with a restriction to not more than four hours of standing and walking per day. Tr. 60-70. A Disability Determination Services (DDS) examiner noted that such limitation significantly erodes the occupational base and is appropriately classified as sedentary. Tr. 59, 70. The ALJ afforded the opinions of Drs. Hartman and Leigh significant weight. Tr. 111. Although the ALJ was not bound by the DDS examiner's decision regarding the effect of the erosion of the occupational

5

base, *see* SSR 83-12, it can be properly considered as not in conflict with the opinion of Dr. Ruark, plaintiff's treating physician.

Dr. Ruark's limitations are further supported by plaintiff's testimony. The ALJ found plaintiff's allegations of left knee pain to be less than credible because his MRSA infection had resolved. Tr. 112. Such conclusion is an erroneous exercise of "expertise [s]he did not possess in the field of orthopedic medicine." *Wilson v. Heckler*, 743 F.2d 218, 221 (4th Cir. 1984). Indeed, the record supports that plaintiff continued to complain of pain well-after the infection had resolved, and none of plaintiff's treating providers suggested that his complaints were imagined because the MRSA infection had resolved. Plaintiff's activities of daily living do not suggest that he is capable of work beyond the sedentary level. Plaintiff testified that he could stand for two hours out of an eight hour day, Tr. 42, that he spends six hours a day watching television, Tr. 22, and that he plays video games with friends. Tr. 23.

Affording the proper weight to the opinion of Dr. Ruark and to plaintiff's testimony results in a limitation to sedentary work, and there is no persuasive evidence to the contrary. Due to plaintiff's age and other factors, an RFC of sedentary work would result in a finding of disability under Grid Rule 201.14. 20 C.F.R. Pt. 404, Subpart P., App. 2 § 202.14.

*Reversal for Award of Benefits*

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*,

6

624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).

The Court in its discretion finds that reversal and remand for an award of benefits is appropriate in this instance. The ALJ has adequately explained her reasoning but the record before this Court properly supports a finding that plaintiff is limited to sedentary work. Because the Medical Vocational Rules direct a finding of disability, there is no benefit to be gained from remanding this matter for further consideration and reversal is appropriate.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 27] is GRANTED and defendant's motion for judgment on the pleadings [DE 32] is DENIED. The decision of the ALJ is REVERSED and this matter is REMANDED to the Commissioner for an award of benefits.

SO ORDERED, this \_\_3\_\_ day of May, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE